IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| J. STEPHEN KUTSMEDA,<br><br>　　　　　　　　　　　　　Plaintiff.<br><br>　　　v.<br><br>TRUST ONE MORTGAGE CORPORATION<br><br>　　　and<br><br>CHASE MANHATTAN MORTGAGE CORPORATION<br><br>　　　and<br><br>INFORMED ESCROW, INC.<br><br>　　　and<br><br>A&M CLOSING SERVICE,<br><br>　　　　　　　　　　　　　Defendants. | Civil Action Number 3:05CV518-JRS |

### **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant Chase Home Finance, LLC's[1] ("Chase") Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). For the reasons discussed herein, Chase's Motion, analyzed as a Rule 12(b)(6) motion to dismiss, is GRANTED.

---

[1] Chase Home Finance, LLC is the successor in interest to Chase Manhattan Mortgage Corporation, one of the originally named defendants in this lawsuit.

I.

In considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the facts presented in the pleadings and the inferences drawn therefrom must be viewed in the light most favorable to the non-moving party—in this case, Plaintiff J. Stephen Kutsmeda.  See Edwards v. City of Goldsboro, 178 F.3d 231, 248 (4th Cir. 1999).  When ruling on such a motion, the Court must presume that all factual allegations in the Complaint are true.  See Shooting Point, L.L.C. v. Cumming, 238 F. Supp. 2d 729, 735–36 (E.D. Va. 2002).  The relevant facts construed in Mr. Kutsmeda's favor are as follows.

On July 21, 2005, Mr. Kutsmeda filed his original seven-count Complaint, asserting a mix of federal and state law claims against four named defendants.  The Complaint described a series of events relating to Mr. Kutsmeda's efforts to obtain a mortgage refinancing loan.  Most of the factual background was aimed at portraying the ways in which Defendant Trust One Mortgage Corporation ("Trust One") allegedly misled Mr. Kutsmeda, failed to comply with federally mandated lending requirements, and fraudulently misrepresented certain material facts in carrying out Mr. Kutsmeda's mortgage loan refinancing.  The only factual allegation in the Complaint relating to Chase was that, at some point after the loan was settled, "Trust One sold or assigned one of the mortgage loan notes executed by Plaintiff on July 25, 2003, to . . . [Chase]."  Compl. ¶ 19.  None of the prayers for relief in the Complaint specifically sought relief from Chase for any of the claims asserted.

Chase filed an Answer and Affirmative Defenses on August 15, 2005, providing as affirmative defenses that the Complaint did not state a claim for which relief may be granted, and that the Complaint did not allege that Mr. Kutsmeda suffered any damages as a consequence of any action taken by Chase.  On October 14, 2005, Chase filed the instant Motion for Judgment on the

Pleadings on the grounds that the Complaint failed to state a claim against Chase for which relief can be granted; that the Complaint failed to request any relief from Chase; and that it would be futile to permit any amendment of the Complaint.

At a hearing on October 25, 2005, the Court granted Defendant Informed Escrow, Inc.'s Rule 12(b)(6) Motion to Dismiss. At the same hearing, the Court granted Trust One's Motion to Dismiss as to Counts Six and Seven but granted Mr. Kutsmeda leave to amend his Complaint to assert proper diversity for purposes of maintaining subject matter jurisdiction in this Court. On November 28, 2005, Mr. Kutsmeda filed his First Amended Complaint. The prayer for relief of Count One, "Fraud and Intentional Misrepresentation," now seeks reformation or rescission of the mortgage refinancing loan from both Trust One and Chase. Mr. Kutsmeda, through counsel, has indicated his intention to request leave to file a Second Amended Complaint that would detail newly discovered facts, none of which relate to any actions Chase might have taken.

II.

The purpose of a motion for judgment on the pleadings is to test the sufficiency of the complaint. Edwards, 178 F.3d at 243. Dismissal is inappropriate unless it is clear that the non-moving party can prove no facts sufficient to support his claim for relief. Id. at 244. A motion for judgment on the pleadings is determined by the same standard applied to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The function of a Rule 12(b)(6) motion to dismiss is to test the law governing claims, not the facts which support them. See Williamson v. Virginia First Savings Bank, 26 F. Supp. 2d 798, 800 (E.D. Va. 1998). The Court should not dismiss any count unless it appears beyond doubt that the plaintiff could not recover under any set of facts which could be proven. See Doby v. Safeway Stores, Inc., 523 F. Supp. 1162, 1167 (E.D. Va. 1981). Because

the standards for a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are "identical," it does not make any difference, "as a practical matter, . . . whether [a] court considers . . . a motion as one brought under Rules 12(b)(6) or 12(c)." Shooting Point, L.L.C. v. Cumming, 238 F. Supp. 2d 729, 735 (E.D. Va. 2002).

Chase has already filed an Answer in this matter, which could justify the Court in deeming the pleadings "closed" such that a motion for judgment on the pleadings would be properly before this Court. See Va. Imps., Inc. v. Kirin Brewery of Am., LLC, 296 F. Supp. 2d 691, 695 (E.D. Va. 2003) (noting that pleadings are considered closed once a complaint and an answer have been filed). Since the time when the instant Motion was filed, however, Mr. Kutsmeda filed his First Amended Complaint containing a new prayer for relief against Chase that was not included in the original Complaint. Chase has not yet answered the First Amended Complaint. Furthermore, Mr. Kutsmeda has stated his intent to request leave to file a Second Amended Complaint. Although Mr. Kutsmeda has conceded that any additional allegations would not directly implicate Chase, some level of uncertainty remains as to the status of the pleadings as they relate to Chase. When a court cannot definitively deem the pleadings closed, it is within the court's discretion to treat a Rule 12(c) motion for judgment on the pleadings as a Rule 12(b)(6) motion to dismiss. See Gahres v. Phico Ins. Co., 672 F. Supp. 249, 251 (E.D. Va. 1987) (explaining that a court is "empowered" to choose to treat a 12(c) motion as a 12(b)(6) motion). Accordingly, the Court will view Chase's Motion as a Rule 12(b)(6) motion to dismiss, and the main inquiry guiding this discussion will, therefore, be whether or not the Complaint states a claim relating to Chase upon which relief can be granted.

III.

For co-defendants to be properly joined, a complaint must allege that each of the individual co-defendants committed some type of actionable wrongdoing.  See Brown v. Allstate Ins. Co., 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (dismissing co-defendants against whom the complaint failed to allege any form of wrongdoing).  On a fundamental level, when a plaintiff sues and seeks relief from a defendant, the plaintiff must state a basis for the claims against each defendant which can be plainly derived from the factual allegations in the Complaint.  Failure to do so can result in a dismissal pursuant to Rule 12(b)(6).  The parties do not dispute that Count One (alleging fraud) is the only count which is even indirectly related to Chase.  Moreover, the sole factual connection tying Chase to Mr. Kutsmeda's claims under Count One is that Chase was assigned and now holds a mortgage loan note "regarding which Kutsmeda seeks reformation or rescission based on the alleged fraudulent acts of Trust One."  Def.'s Reply to Pl.'s Br. Opp'n 2.  The Complaint does not allege, nor did Mr. Kutsmeda's counsel contend at the hearing, that Chase has engaged in fraudulent conduct.  Furthermore, Chase was not in privity and, indeed, had no relationship whatsoever with Mr. Kutsmeda at the time of the alleged fraud.  Under these circumstances, Mr. Kutsmeda cannot maintain Chase as a legitimate party defendant in this litigation.

Mr. Kutsmeda admits that his basis for requesting relief from Chase is not grounded in any wrongful conduct by Chase; rather, Mr. Kutsmeda explains that Chase now holds the mortgage loan note at issue and is, therefore, "a necessary and indispensable party to Count One of the Complaint." P.'s Br. Opp'n 4.  This argument fails. Under Federal Rule of Civil Procedure 19(a), a "person shall be joined as a party in the action if . . . in the person's absence complete relief cannot be accorded among those already parties."  Fed. R. Civ. P. 19(a).  Although Mr. Kutsmeda seeks, in part, the

equitable remedy of reformation or rescission of the mortgage refinancing loan, he has not convinced the Court that monetary damages, if warranted, would not suffice as a remedy. Chase's absence from this litigation would not impact Mr. Kutsmeda's ability to seek monetary damages from Trust One and, as such, would not deprive Mr. Kutsmeda of the complete relief he seeks.

IV.

For the reasons stated, Chase's Motion, analyzed as a Rule 12(b)(6) motion to dismiss, is hereby GRANTED.

An appropriate Order shall issue.

ENTERED this __9th__ day of December, 2005

                                                        /s/
                                        James R. Spencer
                                        UNITED STATES DISTRICT JUDGE